**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| BRAYAN EDUARDO PENA REBOLLEDO, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No. CIV-26-958-J |
| FRED FIGUEROA, et al., | ) ) ) | |
| Respondents. | ) | |

## ORDER

Petitioner Brayan Eduardo Pena Rebolledo, a citizen of Venezuela, is currently in the custody of the U.S. Immigration and Customs Enforcement (ICE). He has filed a Petition for Writ of Habeas Corpus. (Petition) [Doc. No. 1]. The matter was referred to United States Magistrate Judge Suzanne Mitchell who entered a Report and Recommendation recommending the Court grant the Petition in part and order Petitioner's immediate release subject to the same conditions that governed his earlier parole. [Doc. No. 10]. Respondents did not file a timely objection.[1] For the reasons discussed below, the Report and Recommendation is ADOPTED IN PART and the Petition is GRANTED IN PART.

### I.    Background

Petitioner, a Venezuelan citizen, entered the United States at the San Ysidro, California port of entry on January 14, 2025. [Doc. No. 8 at 5]. Upon his arrival, the Department of Homeland Security issued him a Notice to Appear, charged him as removable for lacking valid entry

---

[1] The deadline to file objections to the Report and Recommendation was July 16, 2026. On July 20, 2026, Respondents sought leave to file their objection out-of-time. Because Respondents provided no compelling explanation as to why they were unable to timely file their objection, the Court denied Respondents' motion. [Doc. No. 12].

documents, and placed him in removal proceedings. *Id.* He was then released into the United States on humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5)(A), with an immigration court appearance scheduled for June 17, 2026. *Id.* at 6; [Doc. No. 8-1 at 1]. Petitioner's humanitarian parole expired on April 18, 2025. [Doc. No. 8 at 11]. He later applied for asylum and withholding of removal on May 27, 2025, which was denied on May 11, 2026. Petitioner appealed this order on June 3, 2026, and the Automated Case Information generated by the Executive Office for Immigration Review indicates the appeal remains pending before the Board of Immigration Appeals.[2] In his Petition, Petitioner alleges that he complied with all ICE check-ins and committed no unlawful acts, but ICE re-detained him during a routine check-in on January 21, 2026. Petition ¶¶ 32–34. In April 2026, Petitioner filed this habeas action, arguing that his re-detention violates the Fifth Amendment and the Immigration and Nationality Act (INA). As relief, Petitioner seeks immediate release or, alternatively, a bond hearing.

II.    **Analysis**

In the absence of a timely objection triggering de novo review, the Court reviews the Report and Recommendation only to "confirm that there is no clear error on the face of the record." *Barnett v. Okla. State Reformatory*, No. CIV-25-248-J, 2025 WL 2205827, at *1 (W.D. Okla. Aug. 4, 2025) (citation modified); *Torres v. Polis*, No. 25-1115, 2026 WL 1113763, at *4 (10th Cir. Apr. 24, 2026). With that review, the Court ADOPTS the Report and Recommendation concluding that Petitioner's detention without a bond hearing violates the INA. Even if the Court engaged in de novo review, this Court, and indeed numerous other courts in this district and within this circuit, have likewise concluded that Petitioner's termination of humanitarian parole did not automatically return him to mandatory detention under 8 U.S.C. § 1225(b)(1). *See Kumar v.*

---

[2] *See* https://acis.eoir.justice.gov/en/caseInformation (last visited July 24, 2026).

*Johnson*, No. CIV-26-352-J, 2026 WL 937560 (W.D. Okla. Apr. 7, 2026); *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *2 (W.D. Okla. June 29, 2026) (collecting cases); *Ochilov v. Grant*, No. CIV-26-526-R, 2026 WL 1896139, at *2 (W.D. Okla. July 1, 2026); *Francisco Arevalo Castillo v. Figueroa*, No. CIV-26-0162-HE, 2026 WL 1960937, at *1 (W.D. Okla. July 7, 2026).[3]

Here, Petitioner was paroled into the United States, permitted to reside in the interior of the country several months past the expiration of his parole, pursued his asylum application, and complied with the conditions of his release before being re-detained during a routine check-in with immigration authorities.   Under those circumstances, Petitioner's detention is more naturally characterized as detention "pending a decision on whether the alien is to be removed from the United States" within the meaning of 8 U.S.C. § 1226(a).   *See Rafibaev v. Noem*, No. 26-CV-00461-PAB, 2026 WL 607559, at *2 (D. Colo. Mar. 4, 2026) ("[W]here petitioner has been released on parole pursuant to § 1182(d)(5)(A) for nearly two years, it is illogical to suggest that his re-detention is governed by § 1225(b)(1), which . . . governs procedures for the inspection of aliens arriving in the United States who have not been admitted or paroled.") (citation modified). Because Petitioner's detention is governed by § 1226(a), the Court concludes the proper remedy in this case is an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a).[4]  *Zhakhonov*, 2026 WL 1865418, at *3.

---

[3]   Indeed, the objection Respondents sought to file out-of-time here is materially identical to the Respondents' objection considered by the Court in *Mesa v. Figueroa*, No. CIV-26-775-J (W.D. Okla. July 23, 2026).

[4]   Because the Court grants Petitioner relief on this issue, it declines to address his remaining claims.

**III.    Conclusion**

For the reasons above, the Report and Recommendation [Doc. No. 10] is ADOPTED IN PART and the Court GRANTS IN PART Petitioner's Petition for Writ of Habeas Corpus. Respondents shall provide Petitioner with a prompt bond hearing pursuant to 8 U.S.C. § 1226(a) within seven business days or otherwise release Petitioner if he has not received the hearing within that period.  Respondents shall certify compliance within ten business days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 24th day of July, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE